UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NICOLETTE T. NYAMWEYA,

      Plaintiff,                        Case No. 3:16-cv-243

vs.

COMMISSIONER OF SOCIAL SECURITY,    Magistrate Judge Michael J. Newman
                                                (Consent Case)

      Defendant.

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURCH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

      This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 6. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (doc. 6),[1] and the record as a whole.

## I.

### A.    Procedural History

      Plaintiff filed an application for SSI on October 19, 2012, alleging disability as a result of a number of impairments including, *inter alia*, social anxiety, depression, and mild lumbosacral degenerative disc disease. PageID 66-68, 195-211.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Gregory G. Kenyon on January 13, 2015. PageID 82-103. The ALJ issued a written decision on March 19, 2015 finding Plaintiff not disabled. PageID 66-77. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[2] "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform[.]" PageID 70-77.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 45-48. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 66-77), Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), and Plaintiff's reply (doc. 10). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-

---

[2] "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 416.967. Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id.* It may also involve frequent stooping, grasping, holding, and turning objects. *Id.* "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In her Statement of Errors, Plaintiff argues that the ALJ failed to: (1) appropriately weigh the opinions of treating clinical psychologist, Nicole Blust, Psy.D.; (2) appropriately weigh other medical evidence; and (3) find her credible. Finding Plaintiff's first alleged error to be well taken, the undersigned does not address the merits of Plaintiff's two other suggested errors.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical

evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinions is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." Id. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Dr. Blust treated Plaintiff from June 2010 through January 2012. PageID 277-86. During her treatment of Plaintiff, Dr. Blust noted that Plaintiff presented with a cautious and passive attitude; behaved rigidly; had fair memory; and displayed a flat, anxious and depressed

mood/affect. PageID 281. In June 2010, Dr. Blust assigned Plaintiff a Global Assessment of Functioning ("GAF") score of 50, indicative of serious symptoms at that time.[3] PageID 283.

In February 2013, Dr. Blust opined that Plaintiff suffers from extreme social anxiety that prevents her from going to public places and interacting with people. PageID 275. Dr. Blust further found that Plaintiff possesses little tolerance for stress, gets overwhelmed easily, and withdraws/isolates when stressed. PageID 276. Subsequently, in June 2014 (approximately two-and-a-half years after her treatment relationship with Plaintiff ended), Dr. Blust offered the opinion that, during her treatment of Plaintiff between 2010 and 2012, Plaintiff had "marked" functional limitations[4] with regard to her activities of daily living, her ability to maintain social functioning, and her ability to maintain concentration, persistence and pace. PageID 490. The ALJ concluded that Dr. Blust's opinions were "not entitled to controlling or deferential weight" and, instead, were entitled to "little weight." PageID 75. In so concluding, the ALJ found that Dr. Blust's opinions were "not fully supported by the record" and she "appears to have simply accepted the claimant's subjective complaints with no inquiry into whether they were objectively supported." *Id.*

---

[3] GAF is a tool used by health care professionals to assess a person's psychological, social, and occupational functioning on a hypothetical continuum of mental illness. Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000) ("DSM-IV"). "The most recent (5th) edition of the Diagnostic and Statistical Manual of Mental Disorders does not include the GAF scale." *Judy v. Colvin*, No. 3:13-cv-257, 2014 WL 1599562, at *11 (S.D. Ohio Apr. 21, 2014); *see also* Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2013) ("DSM-V") (noting recommendations "that the GAF be dropped from [DSM-V] for several reasons, including its conceptual lack of clarity ... and questionable psychometrics in routine practice"). As set forth in the DSM-IV, a GAF score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (*e.g.*, no friends, unable to keep a job)." *Id.* A GAF score of 51-60 is indicative of "[m]oderate symptoms (*e.g.*, flat affect and circumstantial speech, occasional panic attacks)" or "moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *Id.*

[4] Whereas "mild" and "moderate" functional limitations are generally considered non-disabling, *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

The undersigned finds that the reasons provided by the ALJ in rejecting Dr. Blust's opinion are not supported by substantial evidence. First, Dr. Blust's records note objective clinical signs[5] supportive of her opinion, undermining the ALJ's assumption that her opinions were supported only by an uncritical acceptance of Plaintiff's subjective complaints. As set forth above, on mental status examination, Dr. Blust found that Plaintiff presented with a cautious and passive attitude; behaved rigidly; had fair memory; and displayed a flat, anxious and depressed mood/affect. PageID 281. Based upon such findings, the ALJ conclusion -- that Dr. Blust's opinion "appears" to be based solely on Plaintiff's subjective complaints -- is contrary to the record and, thus, unsupported by substantial evidence.

The Court also finds a lack of substantial evidence supporting the ALJ's finding that Dr. Blust's opinion is otherwise "not fully supported by the record." PageID 75. In addition to the clinical findings noted in in Dr. Blust's treatment records, records from other treatment providers detail findings similar to those noted by Dr. Blust -- findings that appear to support her opinion. Specifically, a behavioral mental status assessment in January 2013 found that Plaintiff appeared withdrawn; displayed obsessive and persecutory thought content; looked depressed and anxious with a flat mood; and displayed impairment in memory, attention and concentration. PageID 324. On that visit, Plaintiff was assigned a GAF score of 41, which is indicative of serious symptoms. PageID 323; *see also supra* n.3. Similar observations were recorded again in February, March, April and May of 2013 as well. PageID 318-21.

Finally, the Court finds error with regard to the ALJ's statement that Plaintiff's "aversion to being around other people . . . seems to be more a matter of preference than a true acute psychological condition." PageID 75. The ALJ cites no support for such a conclusion and, in

---

[5] With regard to clinical findings of a mental impairment, the Sixth Circuit has "acknowledged the difficulty inherent in proving psychological disabilities." *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 526 (6th Cir. 2014). "'[W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology.'" *Id.* (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989)).

fact, not only did Dr. Blust specifically diagnose Plaintiff with social phobia, but examining psychologist Jerry Flexman, Ph.D. -- whose opinion the ALJ gave "great weight" -- diagnosed Plaintiff with social phobia and found that, based upon her "[c]urrent psychiatric issues[,]" she "may have problems in relation to others in the workplace." PageID 315. Therefore, it appears that the ALJ's medical conclusion in this regard resulted from a lay interpretation of evidence of record, a task the ALJ is not entitled to perform. *See Martin v. Comm'r of Soc. Sec.*, 207 F. Supp. 3d 782, 791 (S.D. Ohio 2016).

Accordingly, based on all of the foregoing, the undersigned finds the ALJ's weighing of Dr. Blust's opinion unsupported by substantial evidence and meriting reversal.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming and a remand for further proceedings is required.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is

**REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

   **IT IS SO ORDERED.**


Date: September 29, 2017     s/ Michael J. Newman

                 Michael J. Newman
                 United States Magistrate Judge